IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIRIAM CRYSTAL HERRERA, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | No. 3:25-CV-0586-D |
| | § | (No. 3:18-cr-00006-D-9) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
AND ORDER

Movant Miriam Crystal Herrera ("Herrera"), a federal prisoner, has filed a successive motion to vacate under 28 U.S.C. § 2255. Section C of the motion asserts non-habeas claims that the court now severs and transfers to the Fort Worth Division of this court. The remainder of the motion is dismissed without prejudice for want of jurisdiction by judgment filed today.

I

Herrera pleaded guilty to possession with intent to distribute a controlled substance. The court sentenced her to 480 months' imprisonment, the statutory maximum, as capped by the plea agreement. On June 10, 2020 her direct appeal was dismissed as frivolous. Herrera's first motion to vacate under § 2255 was dismissed as time-barred. *Herrera v. United States*, 2023 WL 3743158 (N.D. Tex. May 31, 2023) (Fitzwater, J.), *cert. of appealability denied*, 2023 WL 8618542 (5th Cir. Nov. 1, 2023) (per Douglas, J.). Her second motion to vacate was dismissed as successive. *Herrera v. United States*, 2024 WL 218964 (N.D. Tex. Jan. 19,

2024) (Fitzwater, J.). The Fifth Circuit then denied Herrera leave to file a successive application. *In re Herrera*, No. 24-10025 (5th Cir. Jan. 24, 2024) (order) (per curiam). After the second motion to vacate was dismissed, Herrera filed a motion for relief from judgment under Fed. R. Civ. P. 60(b) in her first § 2255 case, which the court construed as a successive motion to vacate and dismissed. *Herrera v. United States*, 2024 WL 3656754 (N.D. Tex. Aug. 5, 2024) (Fitzwater, J.).

II

Herrera's current motion to vacate is based on three grounds: the first two, in Sections A and B of the motion, are claims attacking Herrera's conviction, but the third, in Section C, relates to her conditions of confinement, not to her conviction. "Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 Fed. Appx. 85, 85-86 (5th Cir. 2007) (per curiam) (citing *Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir. 1987)); *see also Spencer v. Bragg*, 310 Fed. Appx. 678, 679 (5th Cir. 2009) (per curiam) (unconstitutional conditions of confinement do not provide basis for release).

When a filing contains both habeas and non-habeas claims, "the district court should separate the claims and decide the [non-habeas] claims" separately from the habeas ones given the differences between the two types of claims. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)).

Because the grounds set out in Section C of Herrera's motion are properly alleged in a civil rights complaint rather than in a habeas petition, the court severs the claims in Section C and directs the Clerk of Court to (1) open a new civil action against the United States of America (Nature of Suit 555); (2) directly assign the action to Senior District Judge Sidney A. Fitzwater and the appropriate magistrate judge; (3) docket a copy of this memorandum opinion and order and the complaint in the new action; and (4) because the complaint relates to prison conditions in a facility located in the Fort Worth Division of this court, transfer the new action to that division.

III

As to the remainder of Herrera's § 2255 motion, the Antiterrorism and Effective Death Penalty Act limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). In order to file a second or successive § 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [her] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) and 2255(h).

The appellate certification requirement for a successive § 2255 motion "acts as a jurisdictional bar to [this] district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file [such a motion]." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003); *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010). The United States Court of Appeals for the Fifth Circuit has not issued an order authorizing this court to consider Herrera's successive § 2255 motion; instead, it has previously denied leave.

Herrera's successive § 2255 motion is therefore dismissed without prejudice for want of jurisdiction and for failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive § 2255 motion. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3). All other pending motions are denied.

IV

Considering the record in this case and pursuant to Fed. R. App. P. 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the court denies a certificate of appealability. The court finds that the movant has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If movant files a notice of appeal, she must pay the $605.00 appellate filing fee or submit a motion to proceed in forma pauperis.

**SO ORDERED**.

May 6, 2025.

                                                SIDNEY A. FITZWATER
                                                SENIOR JUDGE